**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELSA PERRY, as Personal Representative of the Estate of JUSTIN PERRY, | |
| Plaintiff, | No. 1:25-CV-11251 |
| v. | Judge Edmond E. Chang |
| CATERPILLAR, INC. and S&C ELECTRIC COMPANY, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

After Justin Perry perished in a construction-site accident, his estate (represented by his wife Elsa Perry) sued both the general contractor of the site and the manufacturer of the machine involved in the accident. *See generally* R. 1-1, Compl.[1] Elsa Perry filed the lawsuit in state court, but the general contractor—Caterpillar, Inc.—removed the case to federal court based on diversity jurisdiction. R. 1, Notice of Removal ¶¶ 1, 3. Perry moves to remand the case, arguing that the co-defendant manufacturer—S&C Electric Company—is a citizen of Illinois, and thus the forum-defendant rule bars the removal.[2] R. 19, Pl.'s Mot. to Remand at 1 (citing 28 U.S.C.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. The Complaint can be found at pages 5–20 of Exhibit A to the Notice of Removal, R. 1-1.

[2]If there were no dispute over the forum-defendant ban on removal, the Court would have diversity jurisdiction over this case. 28 U.S.C. § 1332(a). Perry represents her husband's estate, and because her husband at the time of his death was a citizen of Michigan, she is too. Notice of Removal ¶ 32 (citing 28 U.S.C. § 1332(c)(2)). Caterpillar is a Delaware

§ 1441(b)(2)). The Defendants respond that Perry has no reasonable possibility of prevailing against S&C Electric, so the manufacturer is fraudulently joined and the ban on removal by an Illinois citizen-company is not triggered. R. 31, Caterpillar's Resp. to Mot. to Remand at 7–14; Notice of Removal ¶¶ 22–31. Apart from the forum-defendant dispute, Caterpillar moves to transfer this case to the Central District of Illinois (where the accident happened). R. 13, Mot. to Transfer or Dismiss. As explained in this Opinion, S&C Electric is not fraudulently joined, so the forum-defendant rule bars the removal to federal court. The motion to remand is granted.

## I. Background

Justin Perry worked as an engineer for Asplundh Construction Company. Compl. at 2, Count 1 ¶ 10. Caterpillar served as the general contractor for a construction project and subcontracted with Asplundh for electrical work, which Justin was assigned to perform. *Id.* ¶¶ 8–11. Justin needed to work on a low-voltage enclosure, which is a large (three feet by five feet by 14 inches) and heavy (at least 400 pounds) piece of electrical equipment. *Id.* at 2–3, Count 1 ¶¶ 11, 14–15. The enclosure was manufactured by S&C Electric and stood atop a three-legged stanchion. *Id.* at 3, Count 1 ¶ 16; *id.* at 9, Count 3 ¶¶ 4–8. To facilitate the assigned electrical work, Caterpillar employees unbolted the enclosure and transferred it to another location, where they allegedly failed to re-secure the device to the floor. *Id.* at 2–3, Count 1

---

corporation with its principal place of business in Texas, *id.* ¶ 9, and S&C Electric is a Delaware corporation with its principal place of business in Illinois, *id.* ¶ 10. Perry seeks to recover damages for her husband's allegedly wrongful death, so the amount in controversy readily exceeds $75,000.

2

¶¶ 12–13, 18–19. When Justin was working on the enclosure on August 7, 2024, it fell on him and caused his death. *Id.* at 3–4, Count 1 ¶¶ 20, 23–24.

His wife, Elsa Perry, filed this suit in Illinois state court. Compl. at 1. She asserted theories of liability against both Caterpillar and S&C Electric. *Id.* at 1–16, Counts 1–4. As to S&C Electric, Perry alleged that the enclosure should have been equipped with adequately supportive legs and that S&C Electric should have provided sufficient instructions to install, relocate, and transport the enclosure safely. *Id.* at 9–16, Counts 3–4. Ordinarily, an in-state defendant cannot remove a state case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2). But Caterpillar believes that S&C Electric was fraudulently joined, so Caterpillar filed a notice of removal to federal court. Notice of Removal ¶¶ 1, 3, 22–31.

## II. Legal Standard

A defendant generally may remove an action filed in state court to federal court in any case in which the plaintiff could have filed the case in federal court in the first place. 28 U.S.C. § 1441(a). That means, in the ordinary case, that a case over which the federal court would have diversity jurisdiction, *id.* § 1332(a)(1), is removable. But there is an important exception: the forum-defendant rule bars defendants from removing on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). That ban makes sense, because the primary purpose of diversity jurisdiction is to provide *out-of-state* parties a federal forum when they litigate against an in-state party, based on the perception that state courts could favor

3

the in-state party in a dispute against an out-of-state party. *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013). So, when an *in-state* defendant is sued in state court—which is that defendant's home court (like S&C Electric and Illinois state court here)—there is no need to provide a federal forum to avoid the perception of state-court favoritism. *Id.*

Given the forum-defendant rule, then, Caterpillar ordinarily would not be able to remove the case to federal court because of S&C Electric's presence as an in-state defendant. To Caterpillar's way of thinking, however, S&C Electric is fraudulently joined in the case, and its citizenship should be disregarded for purposes of the forum-defendant rule. Under the doctrine of fraudulent joinder, federal courts "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain juris-diction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (cleaned up).[3] Although the doctrine usually is concerned with the fraudulent joinder of a non-diverse defendant, some courts also have applied the doctrine where the par-ties are completely diverse but a fraudulently joined, at-home defendant would pre-vent removal under the forum-defendant rule. *See, e.g.*, *In re Abbott Lab'ys*, 2022 WL 3586150, at *5–6 (N.D. Ill. Aug. 22, 2022). It is worth noting that despite the doc-trine's name, actual "fraud" is not needed to successfully invoke fraudulent joinder.

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*See Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). But the burden remains high: a removing defendant must "show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original). Put another way, "the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Schur*, 577 F.3d at 764 (quoting *Poulos*, 959 F.2d at 73).

A removing defendant bears "a 'heavy burden'" to establish fraudulent joinder. *Schur*, 577 F.3d at 764 (quoting *Poulos*, 959 F.2d at 73). The Seventh Circuit has suggested that this "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Id.* (collecting cases). Courts typically conclude that a defendant is fraudulently joined where the plaintiff asserts a claim against that defendant "that simply has no chance of success, whatever the plaintiff's motives." *Poulos*, 959 F.2d at 73; *see also Walton*, 643 F.3d at 999 (requiring "proof that the claim … is utterly groundless").

### III. Analysis

As a threshold matter, the parties dispute whether the fraudulent-joinder doctrine applies in the context of applying the forum-defendant rule. *See* Caterpillar's Resp. to Mot. to Remand at 1–7; Pl.'s Mot. to Remand at 4–5. Perry contends that the fraudulent-joinder doctrine does not apply in this context at all, and she argues that the Seventh Circuit has expressed reluctance to extend the doctrine. Pl.'s Mot. to Remand at 4–5 (citing *Morris*, 718 F.3d at 666–71). The Court does not need to decide

this issue, because remand is appropriate even if the fraudulent-joinder doctrine applies. As explained next, Perry has a reasonable possibility of prevailing against S&C Electric, and thus did not fraudulently join that defendant.

As noted earlier, in the complaint Perry asserts liability theories against S&C Electric, as the manufacturer of the low-voltage enclosure, premised on (1) defective design and (2) failure to warn. Compl. at 9–16, Counts 3–4. In the motion to remand, she focuses her attention on the failure-to-warn theory.[4] Mot. to Remand at 8–11. Whether the failure-to-warn claims are based on a theory of strict liability or negligence, the claims would require proof that the manufacturer did not disclose a known and unreasonably dangerous condition or otherwise failed to instruct on the proper use of a product. *Norabuena v. Medtronic, Inc.*, 86 N.E.3d 1198, 1207 (Ill. App. Ct. 2017). Evaluating whether a manufacturer was negligent in failing to warn of a danger also asks whether the manufacturer's conduct was reasonable. *Woodill v. Parke Davis & Co.*, 402 N.E.2d 194, 197 (Ill. 1980).

It is true that "[n]o duty to warn exists where the danger is apparent or open and obvious." *Sollami v. Eaton*, 772 N.E.2d 215, 219 (Ill. 2002). Whether the danger was open or obvious can be a question of law in a case in which the factual record is undisputed or, instead, a question of fact if there are factual disagreements. *See Klen*

---

[4]At least for purposes of her motion to remand, Perry does not press her claims for defective design. Instead, Perry appears to take at face value S&C Electric's evidence that it had no role in designing the allegedly defective three-legged stanchion. Mot. to Remand at 9–10.

6

*v. Asahi Pool, Inc.*, 643 N.E.2d 1360, 1363 (Ill. App. Ct. 1994); *Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (Ill. 2014).[5]

The Defendants highlight that S&C Electric had no hand in designing or fabricating the three-legged stanchion that contributed to the accident. Caterpillar's Resp. to Mot. to Remand at 11–12. Instead, the Defendants emphasize that S&C Electric's instruction manual detailed four different installation methods, none of which involved a three-legged stanchion. *Id.* at 11. The Defendants also contend that "putting a heavy cabinet on the precarious three-legged stanchion" was an open and obvious danger for which S&C Electric had no duty to warn. *Id.* at 13. And even if S&C Electric did owe a duty to warn, the Defendants argue that warnings were provided that (1) only a qualified person should install or maintain the enclosure; and (2) the enclosure should be secured to a wall or post. *Id.* at 13–14; R. 1-1, Exh. A, State Court Record at 56, 62, 85.

But Perry persuasively points to other characteristics about the enclosure that might not make the danger obvious or the warnings adequate, so she has some reasonable possibility of winning. For example, Perry highlights that the voltage enclosure had threaded holes that were conducive to being attached to a stanchion, and she emphasizes that the instructions did not warn that the four suggested installation methods represented an *exhaustive* list of the only safe possibilities. R. 35, Pl.'s

---

[5]*Bruns* discusses the duty to warn in a premises-liability context, but the Seventh Circuit has observed that, but for a few exceptions that are not relevant here, Illinois courts analyze open-and-obvious dangers under the same standard for premises and products. *See Lederman v. Pac. Indus., Inc.*, 119 F.3d 551, 553 n.3 (7th Cir. 1997).

Reply at 4–6. What's more, although the instructions tell users to secure the enclosure to a wall or post for *two* of the four suggested methods, the instructions also approve of securing the enclosure to a pad. State Court Record at 67, 112.

Based on these plausible theories, Perry's complaint likely would survive a motion to dismiss. But the Court need not decide that (the state court should be the one to do so), because when evaluating fraudulent joinder, the plaintiff is held to a *lower* threshold of plausibility than for a motion to dismiss. *See Schur,* 577 F.3d at 764. Here, there are factual ambiguities about the design of the enclosure and what was apparent to the accident victim. Those facts require more development of the record. And there are no clear question-of-law answers on whether, based on the enclosure's design and instructions, a duty to warn was owed by S&C Electric. Resolving those ambiguities in Perry's favor, as required at this stage, the claims against S&C Electric are not "utterly groundless," *Walton*, 643 F.3d at 999. So the Defendants have failed to meet their "heavy burden," *Morris*, 718 F.3d at 666 (cleaned up), to show fraudulent joinder.

## IV. Conclusion

S&C Electric was not fraudulently joined as a defendant. Thus, because S&C Electric is at home in Illinois, the forum-defendant rule bars the Defendants from removing this case to federal court. 28 U.S.C. § 1441(b)(2). Perry's motion to remand, R. 19, is granted, and the case is remanded forthwith to the Circuit Court of Cook

County. Caterpillar's motion to transfer venue or dismiss, R. 13, and Perry's motion to stay, R. 20, are terminated as moot.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 5, 2026